STEPHEN M. HOLBROOK *vs.* LEANDER LACKEY.

In a suit by a surviving partner, to recover a debt due to the firm, the defendant may set off a debt due to him from the surviving partner alone.

ASSUMPSIT, by the surviving partner of the firm of Holbrook & Houghton, on a note for $349·50, given by the defendant to said firm, dated March 4th 1844, payable in four months. The defendant filed an account, in set-off, of one hundred and fifty dollars, " cash paid to Stephen M. Holbrook," (the plaintiff,) in February 1845, and offered evidence, at the trial in the court of common pleas, before *Washburn*, J. to show

that he lent that sum to the plaintiff. But the judge ruled, that money lent by the defendant to the plaintiff could not be set off against a claim in favor of Holbrook & Houghton, though sued by Holbrook alone, as surviving partner. To this ruling the defendant alleged exceptions.

*Stone,* for the defendant. By the Rev. Sts. *c.* 96, §§ 1, 7, mutual debts or demands between the plaintiff and defendant, may be set off, in all actions founded upon demands which could themselves be the subject of set-off, according to law. The case at bar is within these provisions. *Slipper* v. *Stidstone,* 5 T. R. 493. *French* v. *Andrade,* 6 T. R. 582. *Lewis* v. *Culbertson,* 11 S. & R. 48. *Gordon* v. *Bowne,* 2 Johns. 155. Gow on Part. (1st Amer. ed.) 183, 184. Collyer on Part. (1st ed.) 436. Story on Part. § 346. *Meader* v. *Scott,* 4 Verm. 26. *Stafford* v. *Gold,* 9 Pick. 533.

*J. C. B. Davis,* for the plaintiff. The real question is, whether a partner can be compelled to apply the funds of the partnership to the payment of his individual debts. The Rev. Sts. *c.* 96, §§ 1, 8, 15, seem conclusively to decide this question in the negative. By § 15, in suits brought by trustees in their representative character, no demand shall be set off that is due from such trustees in their own right. The plaintiff is trustee for the creditors of the firm, and the representatives of the deceased partner. *Washburn* v. *Goodman,* 17 Pick. 519. *Dyer* v. *Clark,* 5 Met. 562. Story on Part. §§ 346 – 349.

The English cases cited for the defendant were decided under English statutes, which are different in their language from our revised statutes.

SHAW, C. J. On a suit brought by the plaintiff as surviving partner of Holbrook & Houghton, the defendant offers, by way of set-off, evidence of a subsequent loan of money made by him to the plaintiff Holbrook alone. There is nothing in the facts to show that the deceased partner, Houghton, did not die before the loan made by the defendant to Holbrook. The debt sued became due in July 1844, and the loan was made by the defendant in February 1845. But we will

assume, for the purposes of the present inquiry, that the loan by the defendant to Holbrook was made whilst both partners were living. The general rule of the common law certainly is, that a debt due to partners is due to them jointly; and upon the death of one, the sole right survives to the other. It is true that the survivor collects partnership debts, under a liability to account; but at law he is the sole creditor, and has the sole power to collect the debt, and to maintain a suit to recover it. And all the legal consequences resulting from this principle are held to flow from it. The surviving partner, in suing, may join a separate debt of his own. *Hancock* v. *Haywood*, 3 T. R. 433. So a surviving partner, in a suit against him for a separate debt of his own, may set off a debt due to him and his deceased partner jointly. *Slipper* v. *Stidstone*, 5 T. R. 493. So a debt due from the plaintiff, as surviving partner, may be set off against a debt due from the defendant to the plaintiff severally. *French* v. *Andrade*, 6 T. R. 582. In our own courts, it has been held that a surviving partner of two firms may join demands of both in one suit. It is so far held to be his duty to do so, that he can have but one bill of cost if he brings two actions. *Stafford* v. *Gold*, 9 Pick. 533. Neither the administrator of the deceased partner, nor any creditor of the partnership, can have any suit or proceeding, in law or in equity, against the partnership debtor, unless through legal proceedings in insolvency, instituted on the application of the debtor, or of the creditors. Till then, the law makes no distinction between a debt originally due to a party severally, and a debt due to him as surviving partner. It is not the less a debt due to him in his own right, because, when collected, he may be personally liable to account for it on settlement of the partnership account, as for other payments made to him as partner.

Nor, as we think, has this rule been altered by the Rev. Sts. c. 96, § 1, providing for the set-off of mutual demands. After the death of one partner, the demand of the survivor against the debtor of the firm, and of such debtor against the surviving partner, are strictly mutual. Section 8

provides for the case where there are several persons, either debtors or creditors. By § 4, the demand to be set off must be due to the defendant in his own right. Here it is so. This section manifestly refers to cases of executors, administrators, trustees, and all parties suing or being sued in a representative capacity.

It was strongly pressed by the plaintiff's counsel, that to allow this set-off would be to authorize the appropriation of partnership funds to pay the private debt of one of the partners, to the injury of partnership creditors. But this argument is specious, rather than sound. We are not to presume, necessarily, that there are outstanding partnership debts, or that the funds are not ample to meet them.

But how does it affect partnership creditors? If the surviving partner could recover the whole, without the deduction of the demand, which the defendant seeks to set off, he would be liable, indeed, to pay the partnership debts, if there are any. But he would be equally liable without; and in either case, these creditors must look alone to his personal liability, and would have no means of compelling him to appropriate the specific money, so recovered, to the payment of their debts.

The court are of opinion that the set-off should have been allowed.